IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 2:13-cv-0643 JAM KJN |
| v. | |
| APPROXIMATELY $189,040.00 IN U.S. CURRENCY, | |
| Defendant. | ORDER |

   This action, commenced on April 3, 2013, is a civil action *in rem* to forfeit to the United States approximately $189,040.00 in U.S. currency allegedly involved in violations of federal drug laws. (ECF No. 1.) According to the verified complaint, the defendant currency was seized on June 14, 2012, on Highway 44 near Palo Cedro, California from two hidden compartments in a 2008 Lincoln Navigator driven by Asif Hafeez. (Id.)

   On May 20, 2013, claimant Asif Hafeez, proceeding without counsel, filed a claim with respect to the defendant property. (ECF No. 8.) Along with his claim, claimant Hafeez also filed several motions – in particular, a motion to proceed in forma pauperis, a motion to appoint counsel, a motion for an extension of time to file an answer, and a motion to stay the

////

////

1

case.  (ECF Nos. 9, 10, 11, 12.)[1]  For the reasons discussed below, the court grants the motion to proceed in forma pauperis, denies the motion to appoint counsel, and grants the motion for an extension of time to file an answer.  Additionally, the court requests a response from the United States with respect to claimant Hafeez's motion to stay.

<u>Motion to Proceed In Forma Pauperis</u>

Claimant Hafeez filed an application to proceed without prepayment of fees, or in forma pauperis.  (ECF No. 10.)  Claimant Hafeez's application in support of his request to proceed in forma pauperis makes the showing required by 28 U.S.C. § 1915(a)(1).  Accordingly, the undersigned grants the request to proceed in forma pauperis.

<u>Motion to Appoint Counsel</u>

Claimant Hafeez filed a motion requesting that the court appoint him counsel in this case pursuant to 18 U.S.C. § 983.  (ECF No. 12.)

18 U.S.C. § 983(b) states, in part, that:

> (1) (A) If a person with standing to contest the forfeiture of property in a judicial civil forfeiture proceeding under a civil forfeiture statute is financially unable to obtain representation by counsel, and the person is represented by counsel appointed under section 3006A of this title in connection with a related criminal case, the court may authorize counsel to represent that person with respect to the claim.
>
> (B) In determining whether to authorize counsel to represent a person under subparagraph (A), the court shall take into account such factors as – (i) the person's standing to contest the forfeiture; and (ii) whether the claim appears to be made in good faith.
>
> (2)(A) If a person with standing to contest the forfeiture of property in a judicial civil forfeiture proceeding under a civil forfeiture statute is financially unable to obtain representation by counsel, and the property subject to forfeiture is real property that is being used by the person as a primary residence, the court, at the request of the person, shall insure that the person is represented by an attorney for the Legal Services Corporation with respect to the claim....

---

[1] These motions proceed before the undersigned pursuant to Local Rule 302(c)(3).

18 U.S.C. § 983(b).

Because this civil forfeiture action does not involve real property that is being used by claimant Hafeez as his primary residence, appointment of counsel here is not mandatory under 18 U.S.C. § 983(b)(2), but instead discretionary pursuant to 18 U.S.C. § 983(b)(1). In support of his motion to appoint counsel, claimant Hafeez states that he has been appointed counsel for his defense in a related criminal case in Suffolk County, New York based on the seizure of the defendant currency, but that he is unable to afford legal representation for this case. (ECF No. 12.)

Even assuming, without deciding, that claimant Hafeez has standing to contest the forfeiture and that he has been appointed counsel under 18 U.S.C. § 3006A for a related criminal action, claimant Hafeez represents that the criminal action is proceeding in Suffolk County, New York. In light of the distance, and the fact that claimant Hafeez's counsel in the criminal action is probably not admitted to appear in the Eastern District of California, it would not be feasible for the court to authorize that attorney to also represent claimant Hafeez in this civil forfeiture action. Indeed, claimant Hafeez has made no representation that his appointed criminal attorney in New York is even willing to represent him in this court. Claimant Hafeez is not entitled to the appointment of additional counsel in this case. See U.S. v. $500,000 in U.S. Currency, 271 F. Supp. 2d 1255, 1258 (S.D. Cal. 2003) ("Under the plain meaning of section 983(b)(1)(A), courts may *expand* the scope of a previously-appointed counsel's representation to include forfeiture proceedings. But courts do not have the authority to *appoint* separate counsel so that the defendant has one counsel in the criminal case and another in the forfeiture case.") (emphasis in original). Additionally, claimant Hafeez has not provided any preliminary facts or made any other showing from which the court can determine that the claim is made in good faith.

Therefore, because claimant Hafeez has not made the showing required by 18 U.S.C. § 983(b)(1), the court denies the motion to appoint counsel.

////

3

<u>Motion for Extension of Time to File Answer</u>

This court's order for publication provides that an answer to the complaint, or a motion under Federal Rule of Civil Procedure 12, must be filed and served within 21 days after the filing of a claim.  (ECF No. 3.)  Claimant Hafeez requests an extension for an unspecified period of time to file an answer, based on his other motions (the motion to stay, the motion to appoint counsel, and the motion to proceed in forma pauperis).  (ECF No. 9.)

In light of his pro se status, and the pending motion to stay (discussed below), the court grants claimant Hafeez an extension of approximately 28 additional days to file an answer to the complaint.  Therefore, claimant Hafeez's answer shall be filed and served no later than July 8, 2013.

<u>Motion to Stay</u>

Claimant Hafeez also filed a motion to stay this action until the related criminal case in New York is concluded.  The court finds it appropriate to require the United States to file a response to this motion within fourteen (14) days of this order.

Finally, in the context of his motion to stay, claimant Hafeez also requests the court to appoint a "special investigator" to investigate the truthfulness of the United States's allegations and to determine whether his Fourth Amendment rights were violated.  Because the court has no authority to grant such relief, that request is denied.

Accordingly, for the reasons outlined above, IT IS HEREBY ORDERED that:

1. Claimant Hafeez's motion to proceed in forma pauperis (ECF No. 10) is GRANTED.

2. Claimant Hafeez's motion to appoint counsel (ECF No. 12) is DENIED.

3. Claimant Hafeez's motion for an extension of time to file an answer (ECF No. 9) is GRANTED.  Claimant Hafeez's answer shall be filed and served no later than July 8, 2013.

4. Claimant Hafeez's request for appointment of a "special investigator" is DENIED.

5. The United States shall file a response to claimant Hafeez's motion to stay the case within fourteen (14) days of this order.

IT IS SO ORDERED.

DATED: May 23, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE