BENJAMIN B. WAGNER
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>     v.<br><br>APPROXIMATELY $189,040.00 IN U.S. CURRENCY,<br><br>            Defendant. | 2:13-CV-00643-JAM-KJN<br><br>UNITED STATES' REQUEST TO POSTPONE THE FILING OF A JOINT STATUS REPORT; ORDER |

The United States submits the following request to postpone the filing of a Joint Status Report until the Court rules on the claimant's motion to stay and the United States' motion to strike the claim based on a lack of standing.

I. Introduction

This is an *in rem* forfeiture action against Approximately $189,040.00 in U.S. Currency seized on June 14, 2013 from two hidden compartments inside a 2008 Lincoln Navigator driven by the claimant.  ECF No. 1.  The Verified Complaint, filed on April 3, 2013, alleges that the cash is forfeitable pursuant to 21 U.S.C. § 881(a)(6) because it was

1

furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical or represented proceeds "traceable to such an exchange" or moneys "used or intended to be used to facilitate [a] violation of" the Controlled Substances Act.  Id.

On May 20, 2013, the claimant filed a claim to the cash and moved to stay this civil forfeiture case.  ECF Nos. 8 and 11.

On June 14, the United States moved to strike the claim based on a lack of Article III and statutory standing.  ECF No. 20.

## II. Good Cause

There is good cause to postpone the deadline to file a joint status report in this case given the dispute over the claimant's standing and whether he has established the statutory prerequisites for a stay.  Standing is "the threshold question in every federal case, determining the power of the court to entertain the suit."  Warth v. Seldin, 422 U.S. 490, 498 (1975).  In a forfeiture case, a claimant must demonstrate that he has Article III and statutory standing to assert a claim to the defendant property.  United States v. $100,348 in U.S. Currency, 354 F.3d 1110 (9th Cir. 2004).  Here, there exists a threshold dispute over whether the claimant has standing to assert a claim in this case.  The claimant has filed a claim and a motion to stay, but standing is a foundational prerequisite for a successful stay motion.  See 18 U.S.C. § 981(g)(2).  The claimant's alleged interest in the property – i.e., standing – has been challenged by an affirmative motion to strike.  Accordingly, the filing of a litigation scheduling document should be held in abeyance until the Court resolves the disagreement over the claimant's standing.

Morover, the claimant will not be disadvantaged by postponing the filing of a joint status report.  It is his stated intention to stay the entire case pending an alleged criminal matter against him in New York's Suffolk County.

///

For these reasons, the United States seeks to postpone the filing of the joint status report until after the resolution of the pending motion to strike and to stay the case.

Dated:  6/17/13           BENJAMIN B. WAGNER
                          United States Attorney

                    By:   /s/ Kevin C. Khasigian
                          KEVIN C. KHASIGIAN
                          Assistant U.S. Attorney

## ORDER

Pursuant to United States' request and good cause appearing, the Court makes the following order:

The deadline to submit a joint status report is postponed until the resolution of the claimant's motion to stay and the United States' motion to strike the claim based on a lack of standing.

Dated:  June 17, 2013

                          /s/ John A. Mendez
                          JOHN A. MENDEZ
                          United States District Court Judge