UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>APPROXIMATELY $189,040.00 IN U.S. CURRENCY,<br><br>Defendant. | No. 2:13-cv-0643-JAM-KJN<br><br>FINDINGS AND RECOMMENDATIONS |

INTRODUCTION

This action, commenced on April 3, 2013, is a civil action in rem to forfeit to the United States approximately $189,040.00 in U.S. currency allegedly involved in violations of federal drug laws.  (ECF No. 1.)  According to the verified complaint, the defendant currency was seized on June 14, 2012, on Highway 44 near Palo Cedro, California from two hidden compartments of a 2008 Lincoln Navigator driven by Asif Hafeez.  (Id.)

On May 20, 2013, claimant Asif Hafeez, proceeding without counsel and in forma pauperis, filed a claim with respect to the defendant property.  (ECF No. 8.)  Hafeez simultaneously filed a motion to stay this action until an allegedly related criminal action in New York is concluded.  (ECF No. 11.)  On June 7, 2013, the United States filed an opposition to the motion to stay on the basis that the motion failed to identify sufficient grounds to stay the case

1  under 18 U.S.C. § 981(g)(2), and that Hafeez failed to establish statutory or constitutional

2  standing to file a claim. (ECF No. 18.) On June 14, 2013, the United States also filed a motion to

3  strike Hafeez's claim based on a lack of statutory or constitutional standing. (ECF No. 20.) That

4  motion was then referred to the undersigned pursuant to Local Rule 302(c)(21), and re-noticed

5  before the undersigned for a hearing on August 8, 2013. (ECF Nos. 22, 24.)

6  Due to the relatedness of the questions presented by Hafeez's motion to stay and the

7  United States's motion to strike, the court set both motions for a hearing on August 8, 2013.

8  (ECF No. 26.) The court ordered Hafeez to file any opposition to the United States's motion to

9  strike no later than July 25, 2013. (Id.) The court's order was served on Hafeez at his address of

10  record.[1] Although the July 25, 2013 deadline has long since passed, Hafeez failed to file an

11  opposition to the motion to strike.

12  At the August 8, 2013 hearing, Kevin Khasigian appeared on behalf of the United States

13  and claimant Hafeez failed to appear. After considering the briefing submitted, the oral argument

14  at the hearing, the court's record, and the applicable law, the court recommends that the United

15  States's motion to strike be granted and that claimant Hafeez's motion to stay be denied as moot.

16  DISCUSSION

17  United States's Motion to Strike

18  As an initial matter, the court observes that Hafeez's claim is subject to dismissal pursuant

19  to Federal Rule of Civil Procedure 41(b).

20  Local Rule 230(c) provides that "[o]pposition, if any, to the granting of the motion shall

21  be in writing and shall be filed and served not less than fourteen (14) days preceding the noticed

22  (or continued) hearing date…No party will be entitled to be heard in opposition to a motion at

23  oral arguments if opposition to the motion has not been timely filed by that party." E.D. Cal. L.R.

---

[1] Thus far, the court's orders have not been returned to the court as undeliverable. Nevertheless, even if they had been, it is Hafeez's duty to keep the court informed of his current address, and service of the court's orders at the address on record was effective absent the filing of a notice of change of address. In relevant part, Local Rule 182(f) provides: "Each appearing attorney and pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address or telephone number of the attorney or the pro se party. Absent such notice, service of documents at the prior address of the attorney or pro se party shall be fully effective."

1  230(c).  Additionally, in this case, the court specifically ordered Hafeez to file an opposition to
2  the United States's motion to strike no later than July 25, 2013, i.e., fourteen (14) days prior to the
3  August 8, 2013 hearing date.  (ECF No. 26.)  However, Hafeez failed to file an opposition and
4  failed to appear at the hearing.  Even if Hafeez were somehow unable to travel to California, he
5  failed to request a telephonic appearance at the hearing and failed to even advise the court that he
6  would be unable to appear at the hearing.  Therefore, his claim should be dismissed for failure to
7  prosecute his claim and failure to comply with the court's order under Federal Rule of Civil
8  Procedure 41(b).

9        Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an action
10 for failure to prosecute, failure to comply with the Federal Rules of Civil Procedure, failure to
11 comply with the court's local rules, or failure to comply with the court's orders.  See, e.g.,
12 Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte
13 to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest
14 Serv., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action pursuant
15 to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply
16 with the rules of civil procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260
17 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss
18 an action for failure to comply with any order of the court"); Pagtalunan v. Galaza, 291 F.3d 639,
19 642-43 (9th Cir. 2002) (affirming district court's dismissal of case for failure to prosecute when
20 habeas petitioner failed to file a first amended petition).  This court's Local Rules are in accord.
21 See E.D. Cal. L.R. 110 ("Failure of counsel or of a party to comply with these Rules or with any
22 order of the Court may be grounds for imposition by the Court of any and all sanctions authorized
23 by statute or Rule or within the inherent power of the Court."); E.D. Cal. L.R. 183(a) ("Any
24 individual representing himself or herself without an attorney is bound by the Federal Rules of
25 Civil or Criminal Procedure, these Rules, and all other applicable law.  All obligations placed on
26 "counsel" by these Rules apply to individuals appearing in propria persona.  Failure to comply
27 therewith may be ground for dismissal, judgment by default, or any other sanction appropriate
28 under these Rules.").  These authorities logically apply with equal force to the prosecution of a

claim by a claimant in a civil forfeiture action.

Alternatively, the court concludes that the United States's motion to strike should be granted on the merits. A claimant seeking to contest a civil forfeiture must demonstrate both constitutional and statutory standing. United States v. One 1985 Cadillac Seville, 866 F.2d 1142, 1148 (9th Cir. 1989). As noted above, the United States argues that Hafeez lacks both types of standing, which are discussed separately below.

*Lack of Statutory Standing*

The procedural requirements for asserting a claim in a civil forfeiture case are set forth in Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (the "Supplemental Rules"):

> A person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending. The claim must: (A) identify the specific property claimed; (B) identify the claimant and state the claimant's interest in the property; (C) be signed by the claimant under penalty of perjury; and (D) be served on the government attorney designated…."

Supp. R. G(5)(a)(i)(A)-(D). In this case, the United States contends that Hafeez lacks statutory standing, because his claim does not adequately state his interest in the property as required by Supplemental Rule G(5)(a)(i)(B). The court agrees.

The Ninth Circuit Court of Appeals has recognized that the danger of false claims in civil forfeiture proceedings "is substantial, requiring courts to demand more than conclusory or hearsay allegations of some interest in the forfeited property." United States v. $100,348.00 in U.S. Currency, 354 F.3d 1110, 1118-19 (9th Cir. 2004); see also United States v. Real Property Located in Fresno County, 135 F.3d 1312, 1317 (9th Cir. 1998) (noting that courts have consistently held claimants to strict compliance with the requirements of the Supplemental Rules); United States v. $487,825.00 in U.S. Currency, 484 F.3d 662, 665 (3d Cir. 2007)("Courts have repeatedly emphasized that forfeiture claimants must strictly adhere to the filing requirements to perfect standing.").

In this case, Hafeez's claim, which consists of three short paragraphs, merely states that he is a "lawful claimant" to the defendant property. (ECF No. 8.) This assertion is plainly

4

1  insufficient under the Supplemental Rules, because the claim fails to identify the nature of
2  Hafeez's interest in, or even his connection to, the property.  See U.S. v. Beech Aircraft A36,
3  2011 WL 4433949, at *2 (D. Colo. Sept. 22, 2011) (unpublished) (striking claim that merely
4  asserted that claimant was the "rightful owner," because the claim did not demonstrate that the
5  claimant had an ownership interest in the property).  Here, Hafeez's claim does not even assert
6  that he is the owner of the property – merely that he is a lawful claimant.  Therefore, Hafeez lacks
7  statutory standing, and his claim should be stricken on that basis.

8               *Lack of Constitutional Standing*

9       Apart from any failure to comply with the statutory requirements of the Supplemental
10 Rules, the United States also contends that Hafeez lacks constitutional or Article III standing.
11 That argument is well taken.
12      As the Ninth Circuit explained: "Article III standing must be determined as a threshold
13 matter in every federal case.  In a forfeiture action, this determination turns upon whether the
14 claimant has a sufficient interest in the property to create a case or controversy.  The claimant's
15 burden under Article III is not a heavy one; the claimant need demonstrate only a colorable
16 interest in the property, for example, by showing actual possession, control, title, or financial
17 stake."  United States v. Real Property Located At 5208 Los Franciscos Way, Los Angeles, Cal.,
18 385 F.3d 1187, 1191 (9th Cir. 2004).
19      Here, as noted above, Hafeez's claim on its face does not disclose his interest in or
20 connection to the property.  Furthermore, according to the Verified Complaint For Forfeiture In
21 Rem, even though Hafeez drove the vehicle from which the defendant property was seized, the
22 property was concealed in hidden compartments, and Hafeez was unable to inform law
23 enforcement where the money came from.  Hafeez, a daily fare operator in New York City,
24 suggested that perhaps "one of his fares from New York could have left it in the vehicle."
25 Furthermore, Hafeez also initialed a disclaimer of ownership of assets, denying ownership of the
26 cash found in the vehicle. (ECF No. 1 at 1, 3, 5.)  Thus, not only does Hafeez's claim itself not
27 contain any facts establishing that he has Article III standing to assert his claim, but the Verified
28 Complaint also suggests that his statements to law enforcement run counter to any claim of actual

possession, control, title, or financial stake with respect to the defendant property. As such, Hafeez has not demonstrated that he has at least a colorable interest in the property, and his claim should be stricken for lack of Article III standing.

In sum, the court recommends that Hafeez's claim be stricken, either pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute his claim and failure to comply with a court order, or alternatively on the merits, because Hafeez lacks statutory and constitutional standing.

### Hafeez's Motion to Stay the Action

In light of the court's conclusion that the United States's motion to strike should be granted, the court further recommends that Hafeez's motion to stay the action be denied as moot.

### CONCLUSION

For the reasons outlined above, IT IS HEREBY RECOMMENDED that:

1. The United States's motion to strike (ECF Nos. 20, 24) be GRANTED.

2. Hafeez's motion to stay the action (ECF No. 11) be DENIED AS MOOT.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO RECOMMENDED.

Dated: August 9, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE